## Case No. 7,711.

### KENNICOTT et al. v. WAYNE COUNTY.

[3 Chi. Leg. News. 253.]

Circuit Court, S. D. Illinois. Dec. Term, 1870.[1]

MUNICIPAL AID TO RAILROADS—CONNECTING LINE.

The charter of the Mt. Vernon Railroad Company provided that "any county through which said road may run, and every county through which any other railroad may run, with which this road may be joined, connected or intersected, may and is hereby authorized and empowered, to aid in the construction of the same, or of such other road with which it may so connect by disposing of its swamp lands for that purpose." Under this charter the road was built from Ashley to Mt. Vernon. Under another charter a railroad was constructed from Belleville to Fairfield, passing through Mt. Vernon. No arrangement was ever made by the two companies for a connection of their roads at Mt. Vernon, or for any consolidation. Held, a county other than those through which the Mt. Vernon road ran, was not authorized to mortgage its swamp lands to aid in its construction, and that the connection contemplated by the charter was an actual connection, such a connection as would enable the two roads to be operated as one line for at least a part of the distance.

[See note at end of case.]

[This was a bill in equity by John W. Kennicott and others against the board of supervisors of Wayne county.]

---

[1] [Reversed in 16 Wall. (83 U. S.) 452.]

W. B. Scates, S. A. Goodwin, J. A. Mc-Clernand, M. Hay, and N. M. Broadwell, for complainants.

J. T. Stuart, A. L. Knapp, N. L. Freeman, C. A. Beecher, and R. P. Hanna, for defendants.

TREAT, District Judge. As this case is certain to go to the supreme court, I shall merely state the conclusion to which I have arrived. The act of February 15, 1855 [Laws Ill. 1855, p. 249], created a corporation by the name of the Mt. Vernon Railroad Company, with power to construct a railroad from Mt. Vernon to the Illinois Central Railroad. The corporation designated Ashley as the other terminus of its road. This line of road was all within the counties of Jefferson and Washington. Another act of the same date created a corporation, by the name of the Belleville and Fairfield Railroad Company, with power to construct a railroad from Belleville by way of Mt. Vernon to Fairfield in Wayne county. The charter of the Mt. Vernon Railroad Company provided that "any county through which said road may run, and every county through which any other railroad may run, with which this road may be joined, connected or intersected, may, and is hereby authorized and empowered to aid in the construction of the same, or of such other road with which it may so connect," by disposing of its swamp lands for that purpose. The first clause of this provision embraces only the counties of Jefferson and Washington, as they are the only counties through which the Mt. Vernon road runs. The second clause embraces every county through which any railroad runs with which the Mt. Vernon Railroad is joined, connected or intersected. In April, 1859, the Mt. Vernon Railroad Company issued construction bonds amounting to $800,000, and, at the same time the county of Wayne executed a mortgage of its swamp lands as security for the payment of the bonds. The charter conferred no authority on the Mt. Vernon Railroad Company to extend its line of road east of Mt. Vernon; nor did it ever acquire that right by virtue of any consolidation with the Belleville and Fairfield Railroad Company.

The question therefore arises, was there such a connection between the Mt. Vernon, and Belleville and Fairfield roads, as authorizes the county of Wayne to mortgage its swamp lands as security for the payment of the construction bonds of the Mt. Vernon Railroad Company? In my opinion, this question must be answered in the negative. The case fails to show that any arrangement was ever made by the two companies for a connection of their roads at Mt. Vernon. Such a connection was the proper subject matter of contract between them. They had the power to form the connection, but the power was never exercised. It is true that the line of the Belleville and Fairfield road passed through Mt. Vernon, and that the line

of the Mt. Vernon road terminated at that place. But it by no means follows, that any connection whatever existed between them. Without some binding arrangement between the two companies for a connection at Mt. Vernon, the two lines of road would necessarily remain unconnected. The law contemplated an actual connection—such a connection as would enable the two roads to be operated as one line from Fairfield to the Central Railroad. Until such a connection was established, the county of Wayne had no power to aid in the construction of the Mt. Vernon Railroad. As such a connection was never formed, the mortgage in question was executed without authority of law.

The bill must be dismissed.

[NOTE. An appeal was then taken by the complainants to the supreme court, where the decree was reversed in an opinion by Mr. Justice Hunt, who said that no reasonable construction required that the road should be actually built before the county was authorized to lend its aid. The aid was manifestly intended to be given before the road was built, and the counties were expected to take the ordinary risk of the success of the undertaking. He also stated that, as there was authority to construct the connecting road, this, taken in connection with the contracts which were made, formed a "connection," within the meaning of the act. That the county of Wayne was of the opinion that a "connection" had been made is evidenced by the recitals of the trust deed. The court also held that, as against a bona fide holder for value, there was a sufficient submission to the voters of the question of appropriating the swamp lands. Mr. Justice Miller and Mr. Justice Field dissented. 16 Wall. (83 U. S.) 452. See, also, Case No. 7,710.]